## Tomlinson *v.* Funston.

An action to foreclose a mortgage under the statute, is regarded as a proceeding in chancery, and consequently, can only be brought to the supreme court by appeal.

In Equity. *Error, to Jackson District Court.*

On motion to dismiss the writ.

*Drummon,* for the motion.

*Cook* and *Chenoweth,* contra.
35

Tomlinson *v.* Funston.

GREENE, J. A motion is made in this case to dismiss the writ of error, on the ground that it will not lie in chancery cases. It has already been decided by this court in the first district, that chancery causes under our constitution can only be brought up by appeal, and not by writ of error.

But it is claimed, that as this action was commenced under our peculiar statute concerning mortgages, it should be regarded as a case in law, and not in chancery. The act referred to requires a petition to be filed in the usual form, with a prayer that the equity of redemption be foreclosed, and the mortgaged property sold to satisfy the amount due. The 7th section provides for publication and proceedings therein, as in similar cases in courts of chancery. The reference " as in suits of chancery," is made in the 8th section as to unknown defendants and orders of publication. Indeed, the general feature and spirit of the act contemplates chancery jurisdiction and practice, and the words, "*judgment* may be rendered for the debt," cannot change the character of the act, or transform the proceedings under it from equity to an action at law. Though the word *judgment* is applied to the decision of the court upon the debt, it cannot change the nature of the decision ; it is still a decree for the amount due, foreclosing the equity of redemption, and ordering the sale of the mortgaged property in satisfaction. The nature of the trust created by a mortgage determines the necessity of chancery adjudication in case of forfeiture, and is repugnant to the idea that a proceeding at law would be applicable.

Motion granted.